# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-00541 |
| | ) | |
| **CITY OF LUTTRELL, TENNESSEE,** | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT RULE 26(f) DISCOVERY PLANNING CONFERENCE REPORT AND DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff Tennessee Riverkeeper, Inc. and counsel for Defendant City of Luttrell, Tennessee held a discovery planning conference on December 8, 2025. Pursuant to this conference, counsel for the Plaintiff and Defendant jointly file the following report.

1.      At the time of the Fed. R. Civ. P. 26(f) conference, counsel for the parties considered the nature and basis of Plaintiff's claims and the Defendant's defenses and the possibilities for promptly settling or resolving the case; made or arranged for the disclosures required by Rule 26(a)(l); discussed any issues about preserving discoverable information; and developed a proposed discovery plan.

2.      <u>Synopsis of the case, including Plaintiff's claims and Defendants' defenses:</u>

Plaintiff Tennessee Riverkeeper, Inc. alleges that the City of Luttrell has violated the federal Clean Water Act by discharging pollutants and/or failing to comply with applicable

1

permit conditions, causing harm to waters of the United States and filed a citizen suit pursuant to 33 U.S.C. § 1365. Defendant City of Luttrell denies that it is liable to Plaintiff, denies any violation of applicable law or permit conditions, and has filed a motion to dismiss contending that § 1365 violates Article II of the U.S. Constitution.

3. Paragraphs 3-9 & 12 contain the proposed discovery plan, should the Court require discovery during the pendency of Defendant's Motion to Dismiss (discussed further in Paragraph 13, below). Rule 26(a)(l) disclosures will be exchanged no later than ten (10) days from the filing of this report. The parties will deliver initial requests for production of documents to opposing counsel for the parties no later than sixty (60) days from the filing of this report, in accordance with Rules 26(d)(2)(A) and 34. Responses will be due no later than sixty (60) days from service of said requests. The parties will serve initial interrogatories to opposing counsel no later than sixty (60) days from the filing of this report. Answers to the same are due no later than sixty (60) days from the service said interrogatories.

After each party has been given a reasonable opportunity to exchange a first set of interrogatories and request for production of documents, and the opposing party has been permitted the time provided above to respond, the parties agree to work diligently to schedule discovery depositions on mutually agreeable dates. At present, the parties anticipate taking depositions of individuals identified in the parties' initial disclosures and discovery responses, to be served consistent with the agreement contained herein. The parties reserve the right to take depositions of different witnesses than those listed above as discovery progresses.

Counsel for all parties have agreed they will not make any "speaking" objections during the course of depositions. Respective counsel will simply note any objection and reason

2

therefore succinctly on the record, while refraining from making any statements that could reasonably be calculated to suggest an answer to the testifying witness.

4. Counsel for all parties will need to conduct discovery on the issues raised in the Complaint [Doc. 1] and the defenses contained in any Answer filed by the Defendant (should its Motion to Dismiss be denied).

5. As to the disclosure, discovery, or preservation of electronically stored information, the parties agree that discovery requests may require retrieval of electronically stored information (ESI) from computers and other data storage devices, including electronic mail. The Parties agree first to produce ESI in .pdf format. Should the non-producing party request any documents in native format (such as .pst), the parties will cooperate in good faith as to the proper handling of such request, and will discuss the most cost-effective method for producing said ESI in native format. Should any party request discovery of ESI, the parties will confer in an attempt to agree on search parameters. The parties do not currently anticipate that the scope, cost, or time requires for the disclosure or production of ESI will be beyond what is reasonable available to the parties in the ordinary course of business.

6. With regard to claims of privilege or protection of trial-preparation materials, the parties do not anticipate any issues at this time.

7. There is no need for an expedited discovery schedule at this time.

8. The parties agree they do not need to conduct discovery in phases, nor does this court need to make any other limitations on discovery outside of those limitations set forth in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Eastern District of Tennessee. The parties agree that they will mutually and diligently work together to schedule the depositions of the parties and any additional fact

3

witnesses by agreement to the extent practicable.

9. The parties will proceed with discovery in accordance with FED. R. CIV. P. 26 and the Scheduling Order to be entered in this case.

10. Counsel for all parties will speak with their respective clients regarding the possibility of settlement and the possibility of mediation after conducting initial discovery.

11. The parties do not consent to the exercise of jurisdiction by a magistrate judge at this time. *See* Notice of Nonconsent [Doc. 19] filed on December 5, 2025.

12. Counsel for the parties hereby certify in good faith, to the best of their knowledge and estimation at the present time, that it may take as much as fifteen months to complete discovery based on the number of parties and attorneys involved and that this cause should be ready for trial sometime between the first and second quarters of 2027. The parties currently believe the trial will take between approximately two (2) to three (3) days to complete.

13. Pending Motion to Dismiss and Discovery Position of Defendant City of Luttrell, Tennessee. Defendant City of Luttrell, Tennessee filed a Motion to Dismiss [Doc. 17] on December 5, 2025 contending that § 1365 violates Article II of the U.S. Constitution. While that Motion is pending before this Honorable Court, the City of Luttrell does not believe it should be subjected to discovery and reserves all rights to seek appropriate relief from the Court regarding the timing and scope of discovery.

RESPECTFULLY SUBMITTED this 9th day of December, 2024.

TENNESSEE RIVERKEEPER, INC.

By:    */s/ Kevin C. Klein (w/ permission)*
Kevin C. Klein (TN BRR #23301)
Matthew JP Hortoin, II (TN BPR #38724)
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208

4

Phone:  (615) 600-4802
Email:  kevin.klein@kleinpllc.com
Email:  jp.horton@kleinpllc.com

Mark E. Martin,
Alabama Bar No. 9361-A41M
P.O. Box 1486
Oneonta, AL 35121
Phone:  (205) 516-9350
Email:  mmartin@markemartin.com

*Attorneys for Plaintiff Tennessee
Riverkeeper, Inc.*

CITY OF LUTTRELL, TENNESSEE,

By:      */s/ Jonathan Swann Taylor*
Jonathan Swann Taylor (TN BPR #025094)
Kramer Rayson LLP
800 S. Gay Street, Suite 2500
P.O. Box 629
Knoxville, TN 37901-0629
Telephone:  (865) 525-5134
Facsimile:  (865) 522-5723
Email:  jstaylor@kramer-rayson.com

Sean J. Radomski, Pa. Bar No. 319732*
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
Email:  sradomski@pacific1legal.org
*admitted *pro hac vice*

*Attorneys for Defendant Luttrell, Tennessee*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Jonathan Swann Taylor*
Jonathan Swann Taylor